# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re:   Gary Paul Wellner, | ) |
| Debtor | ) Case No. 23-41334 |
| | ) |
| Gary Paul Wellner, | ) |
| Plaintiff, | ) Chapter: 7 |
| v. | ) |
| Earnest Operations, LLC | ) |
| and | ) |
| Navient Corporation, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Gary Paul Wellner ("Plaintiff" or "Wellner"), by and through his attorneys, WM Law, and pursuant to 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 4007, for his Complaint to Determine Dischargeability of Debt ("the Complaint"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Gary Paul Wellner is a resident of Pleasant Hill, Missouri, and filed his above-captioned Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Missouri.

2. Earnest Operations, LLC ("Earnest") is a California Limited Liability Company with a principal place of business and headquarters located at 535 Mission Street, Suite 1663, San Francisco, CA 94105.

3. According to its website, Earnest is an indirect majority-owned subsidiary of Navient Corporation ("Navient").

4. Navient Corporation is a corporation that has a principal place of business located at 13865 Sunrise Valley Drive, Ste. 110, Herndon, VA 20171-6188 OR 123 Justison St., #300, Wilmington, DE 19801

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

6. Venue is proper pursuant to 28 U.S.C. § 1409(a).

7. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

8. This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(8).

## GENERAL ALLEGATIONS

9. The allegations contained in paragraphs 1-8 are incorporated herein by reference.

10. On or about July 8, 2021, Wellner obtained a loan from Earnest that refinanced previously incurred "parent plus" student loans solely into Wellner's name.

11. The principal amount of the July 2021 loan in question was $46,985.

12. The loan contains a 5.34% interest rate.

13. The loan number ends in 2572 and Wellner's account number with Earnest ends in 3740.

14. Navient Private Loan Trust is listed as the owner of the loan on Earnest's customer website.

15. Minimum payment amounts for the loan were set at $336.77.

16. The current payoff for the loan is approximately $48,430.74, including unpaid interest.

17. Wellner made payments of $313.17 per month from September 2021 through March 2023, and has not made a payment on the loan since.

## COUNT I – BOTH DEFENDANTS
### Undue Hardship—11 U.S.C. § 523(a)(8)

18. The allegations contained in paragraphs 1 through 17 are incorporated herein by reference.

19. In the 8th Circuit Court of Appeals, the standard to determine whether the loan in question is an "undue hardship" is the "totality of the circumstances" approach. *In re Long*, 322 F.3d 549, 554 (8th Cir. 2003).

20. In performing the totality of the circumstances test, the Court should look at (1) the debtor's past, present and reasonably reliable future resources; (2) a calculation of the debtor's and his dependent's reasonably necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. *In re Andersen*, 232 B.R. 127, 132 (8th Cir. 1999).

**A.     Debtor's past, present and reasonably reliable future resources.**

21.     On September 27, 2023, Wellner filed his Petition for relief under Chapter 7.

22.     In his bankruptcy schedules, Wellner scheduled $7,340.24 in monthly household income and $7,291.00 in monthly household expenses.

23.     The expenses did not include any payments to Earnest or Navient for the student loans in question.

24.     Wellner's non-filing spouse earns a salary of $25.50 per hour, and Wellner's income is now $22.00 per hour as a driver with Rotech Healthcare, Inc.

25.     Wellner's household expenses are roughly the same, apart from a Home Equity Line of Credit paid for by Wellner's non-filing spouse, which was incurred post-petition and an additional $350 per month.

26.     Wellner's income on the date of filing was inadequate to pay monthly payments to Earnest/Navient.

27.     Wellner's disposable income now is even less and is inadequate to afford payments to Earnest/Navient.

28.     Wellner lacks the ability to increase his income sufficient to afford payments to Earnest/Navient.

29.     His recent past has demonstrated a trend toward reduced income and increased expenses.

**B.     Calculation of Debtor's and dependent's reasonably necessary living expenses**

30.     Wellner's household expenses on the date of filing were $7,291.

31.     Wellner's household expenses have increased due to a car payment of approximately $400 per month and the aforementioned Home Equity Line of Credit of $350 per month.

Even if other expenses (such as transportation/fuel costs and food) are not adjusted for inflation, the $750 additional expenses put the total expenses at over $8,000 per month.

**C.     Any other relevant facts and circumstances surrounding the bankruptcy case.**

32.     Wellner cares for a severely disabled son, and this care is likely to be long term.

33.     Despite Wellner negotiating a lump sum payoff of an obligation with Nebraska Furniture Mart, his budget has actually worsened since filing, and he remains unable to afford even a modest payment to Earnest/Navient.

3

WHEREFORE, Plaintiff respectfully requests that the Court enter an order determining that the outstanding obligation owed to Earnest and/or Navient is fully discharged in accordance with 11 U.S.C. § 523(a)(8) as an undue hardship, and for such other and further relief as the Court deems just and proper.

Dated: October 17, 2024

Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
*Attorney for Adversary Plaintiff Gary Paul Wellner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon affected creditors and other parties in interest via US First Class Mail, postage prepaid, on Thursday, October 17, 2024.

/s/ Ryan A. Blay