## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankr. Case No.: 23-41334-btf7 |
| GARY PAUL WELLNER, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GARY PAUL WELLNER, | ) | Adv. Proc. No.: 24-04020-btf |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARNEST OPERATIONS, LLC, and | ) | |
| NAVIENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### STIPULATION IN SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN
### PLAINTIFF AND NAVIENT SOLUTIONS, LLC

Plaintiff, Gary Paul Wellner ("Plaintiff"), and Navient Solutions, LLC ("NSL"), on

behalf of itself and named defendants Earnest Operations, LLC ("Earnest") and Navient

Corporation, by and through their undersigned counsel, hereby stipulate as follows:

1.      On September 27, 2023, the Plaintiff filed a voluntary petition for relief under

Chapter 7 of the United States Bankruptcy Code. A discharge of eligible debts was entered on

January 22, 2024.

2.      On October 17, 2024, the Plaintiff filed a Complaint naming Earnest and Navient

Corporation as defendants, seeking a discharge of educational loan debt under 11 U.S.C. §

523(a)(8).

3.      On November 18, 2024, NSL filed its Answer to the Plaintiff's Complaint.

4.      The Plaintiff is indebted to NSL pursuant to the applicable terms of one (1)

educational loan Promissory Note ("Promissory Note"), executed by the Plaintiff to obtain an

educational loan ("Student Loan"), and initially disbursed on or about July 8, 2021.

5.      As of the filing of this adversary proceeding, there was a balance due and owing

under the Plaintiff's Promissory Note, including principal and interest, in the aggregate amount

of approximately $48,640.13 ("Outstanding Balance"), with a fixed interest rate, and with

interest accruing thereafter pursuant to the Promissory Note.

6.      The Outstanding Balance is currently due and owing on the Promissory Note and

the Student Loan evidenced by the Promissory Note is a non-dischargeable educational loan,

pursuant to 11 U.S.C. § 523(a)(8).

7.      For so long as the Plaintiff does not default under this Stipulation, the Outstanding

Balance shall be reduced to $20,000.00 ("Reduced Balance"), and the interest rate shall be

reduced to a fixed rate of 1% ("Reduced Interest"), and the Plaintiff shall repay the Reduced

Balance at the Reduced Interest rate as follows: $91.98 per month for a period of two hundred

and forty (240) consecutive months. The first monthly payment is due to be received by NSL on

or before **June 3, 2025**, with subsequent payments to be received on or before the **third (3rd)** day

of each month thereafter.

8.      All payments pursuant to this Stipulation shall note the Plaintiff's ten digit

account number, ******3740 (redacted here for privacy reasons) on the payment and shall be

mailed to, "MOHELA Specialty Loan Servicing, PO Box 2509, Wilkes Barre, PA 18706," or to

any other address provided to the Plaintiff by NSL/Earnest or MOHELA in writing.

9.      The following shall be Events of Default hereunder: (a) the Plaintiff shall fail to

make any payment due hereunder within thirty (30) days of the due date without securing

NSL/Earnest or MOHELA's agreement to a forbearance of such payment(s); or (b) the Plaintiff

commences any further legal proceedings against NSL, MOHELA, Earnest, or their

predecessors, successors or assigns, seeking to discharge debt.

 10. Upon the occurrence of an Event of Default under this Stipulation, pursuant to

Paragraph 9(a) of this Stipulation, a one-time default penalty equal to 15% of the remaining

unpaid Reduced Balance at the time of default may be assessed against the defaulted account as

an additional non-dischargeable sum, pursuant to 11 U.S.C. §523(a)(8).

 11. Upon the occurrence of an Event of Default under this Stipulation, pursuant to

Paragraph 9(b) of this Stipulation, any discharge of the principal and interest is revoked, and the

Plaintiff will be liable for the full amount of the Outstanding Balance, as referenced above, plus

interest pursuant to the applicable terms of the Promissory Note for the Plaintiff's Student Loan

(less any payments made hereunder which, following default shall be applied first to interest that

would have accrued had this Stipulation not been in effect, and then to principal).

 12. There is no penalty for prepayment under this Stipulation but any prepayment,

unless it is payment in full, does not relieve the Plaintiff of the obligation to make ongoing

monthly payments.

 13. In the event the Plaintiff, pursuant to applicable NSL policy and the terms of the

Promissory Note, qualifies for, or the parties agree to, any deferment or forbearance of payment

obligations, after this Stipulation is approved, interest will continue to accrue during the time of

any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be

repaid, and the monthly payments required, may increase from that stated herein.

 14. Should any issues arise, related to billing or repayment of the loan subject to this

agreement, wherein the Plaintiff believes that billing or collection efforts related to the loan

subject to this agreement is not in accordance with this Stipulation, the Plaintiff agrees that such

issues should be directed to a Supervisor or Manager in NSL's Bankruptcy Litigation Unit (as of

this writing, Ms. Petra Shipman), who may be reached at 1-800-251-4127, or to any other

telephone number provided by NSL in writing, or in response to a specific borrower inquiry.

The parties understand that any such communications, if not directed as specified in this

Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance

with this Stipulation.

     15.    Except as provided in this Stipulation, all other terms of the Promissory Note

remain in effect and are hereby incorporated by reference.

     16.    Any amendment, modification, or waiver of any term or condition of this

Stipulation must be made in writing and signed by all parties hereto.

     17.    This Stipulation may be executed in counterparts, or by facsimile, each of which

shall constitute an original, but all of which together shall constitute one and the same

Stipulation.

     18.    The parties agree to the dismissal of the instant adversary proceeding, subject to

the terms of this Stipulation, upon approval of this Stipulation by the court.

*[this space intentionally left blank]*

WHEREFORE, the parties pray this Honorable Court for an Order approving this

Stipulation and dismissing the instant adversary proceeding.


By: _____    Dated: 1/2/2025
  Ryan A. Blay, MO #KS001066; KS #28110
  15095 W. 116th St.
  Olathe, KS 66062
  Phone (913) 422-0909 / Fax (913) 428-8549
  blay@wagonergroup.com
  Attorney for Plaintiff


  Millsap & Singer, LLC
By: _____    Dated: 1/3/25
  Cynthia M. Kern Woolverton, #47698, #47698MO
  Eva Marie Kozeny, #40448, #40448MO
  Adam G. Breeze, #60920, #60920MO
  William R. Avery, #68985, #68985MO
  James Eric Todd, #64199, #64199MO
  Pamela B. Leonard, #37027, #37027MO
  612 Spirit Drive St. Louis, MO 63005
  Telephone: (636) 537-0110
  Facsimile: (636) 537-0067
  bkty@msfirm.com
  Attorneys for Navient Solutions, LLC